Plaintiffs-Appellants, Sylvester Material Company ("Sylvester") and Adrian Sand Stone, Inc. ("Adrian"), appeal the decision of the Court of Common Pleas of Seneca County awarding a judgment in favor of Appellees, Hocking Environmental Company, and its two general partners, Kilbarger Construction, Inc., and Daniel J. Stohs (hereinafter "Hocking"). For the reasons expressed in the following opinion, we affirm the trial court's decision.
The record establishes that in 1997 and 1998, Appellants contracted with Environmental Network Management Company ("ENMC") to supply services and materials, including sand and gravel products, to assist in the development and construction of the western portion of Phase I of the San-Lan Landfill in Fostoria, Ohio. Thereafter, ENMC failed to tender payment for the goods and services, thus, prompting Appellants to file a multi-count complaint on June 25, 1998.
In addition to naming ENMC as a defendant, Appellants also alleged that Hocking was liable for the cost of the services and materials under the theories of unjust enrichment and quantumvalebant. Appellants also alleged that Hocking should be liable because it had established a joint venture with ENMC in furtherance of the operation of the landfill. Appellants prayed for damages in the amount of $81,375.51, plus interest, as to Sylvester Materials Co., and $8,913.70, plus interest, as to Adrian Sand Stone, Inc.
On July 7, 1998, Hocking filed an answer denying all claims. Hocking also filed a cross-claim against ENMC for contribution and indemnity. ENMC eventually filed an answer to the complaint, but failed to answer the cross-claim. Thus, Hocking filed and was granted a motion for default judgment against ENMC. In the meantime, Appellants filed a motion for summary judgment against ENMC. On April 12, 1999, the court granted summary judgment in favor of Appellants on the issue of ENMC's liability. With all of the claims against ENMC resolved, the case proceeded against Hocking.
On May 20, 1999, Appellants and Hocking filed cross-motions for summary judgment. The court overruled both motions, stating that genuine issues of material fact remained and, thus, neither party was entitled to judgment as a matter of law at that time. Consequently, a trial to the bench commenced on July 8, 1999. The trial court subsequently issued a judgment entry on July 30, 1999, finding in favor of Hocking on all claims. The instant timely appeal followed wherein Appellants assert three assignments of error for our review and consideration:
Assignment of Error I
 The trial court erred in finding that Appellants presented no evidence of a joint venture between Environmental Network and the Hocking Defendants.
This court has defined a joint venture as "an association of persons with intent, whether express or implied, to engage in and carry out a single business venture for joint profit, for which they combine their efforts, property, money, skill and knowledge without creating a partnership." LH Leasing Co. v. Dutton
(1992), 82 Ohio App.3d 528, 532, citing Ford v. McCue (1955),163 Ohio St. 498. In order to demonstrate the existence of a joint venture, there needs to be "substantial evidence" of the parties' intent to join efforts for the purpose of furthering an enterprise for joint profit. LH Leasing Co., 82 Ohio App.3d at 532.
More specifically, the evidence must establish four necessary criteria before a court can properly find that a joint venture exists: (1) a joint contract, express or implied; (2) an actual intent to associate as joint venturers; (3) joint control and community of interest over the enterprise; (4) a joint sharing of profits and losses among the joint venturers. Id. at 532-533, citing Ford v. McCue (1955), 163 Ohio St. 498. The issue of whether a joint venture exists is a question of fact. LH LeasingCo., 82 Ohio App.3d at 532. As such, the trial court's finding will not be disturbed on appeal unless the verdict is against the manifest weight of the evidence. See Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. Thus, if there is some competent, credible evidence to support the court's finding, the verdict must be affirmed. Id.
In this case, the record is apparent that Appellants failed to introduce substantial evidence that would give rise to a finding that a joint venture had been established between Hocking and ENMC. First, there is no evidence tending to show that Hocking actually intended to become a joint venturer with ENMC.
Next, the evidence demonstrates that there was no joint control or community of interest over the landfill. Even though Hocking and ENMC entered into a "Management Agreement" in June 1995, the contract clearly outlines each party's separate role in the operation of the San-Lan Landfill. While Hocking was the legal owner of the property, ENMC, as the operator, had complete control over various day-to-day activities such as construction, general maintenance, employee management, and the establishment of fees for use of the landfill. Hocking had the ability to interfere in ENMC's operation of the landfill only in the event that some type of environmental violation would jeopardize Hocking's permit.
Finally, the record is clear that there was no agreement between Hocking and ENMC to share profits and losses on a joint basis. Under the management agreement, ENMC was to pay Hocking a fixed monthly fee merely as consideration for the agreement.
Therefore, based upon the foregoing, we find that the trial court did not err in concluding that a joint venture had not been established between Hocking and ENMC because competent, credible evidence exists to support such a finding. Accordingly, Appellants' first assignment of error is overruled.
Assignment of Error II
 The trial court erred in finding that the evidence presented by Appellants did not support their unjust enrichment claim against the Hocking Defendants.
The Supreme Court of Ohio has set forth the criteria that a plaintiff must demonstrate in order to recover under the theory of unjust enrichment:
 (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment * * *.
Hummel v. Hummel (1938), 133 Ohio St. 520, 525; LH Leasing Co.,82 Ohio App.3d at 534. A trial court's finding with respect to the question of whether the doctrine of unjust enrichment should apply will not be overturned in the event that the record contains competent, credible evidence to support the verdict. See Dixon v.Smith (1997), 119 Ohio App.3d 308, 318.
Since we find it to be dispositive, we will first address the issue of whether Hocking had knowledge of a benefit conferred by Appellants. The evidence in this case demonstrates that Hocking had no knowledge of the services and materials Appellants supplied to ENMC. The management agreement unequivocally stated that ENMC was to be solely responsible for the construction of the landfill, thus, representatives of Hocking testified that they were not aware of Appellants' existence until the instant lawsuit had been commenced. Moreover, the record demonstrates that Hocking was not apprised of the services and materials as Appellants did not forward any sort of notification such as invoices or late notices to the partnership.
Although Appellants argue that Hocking must have had an abstract knowledge of the fact that certain services and materials were necessary to complete construction of the western portion of Phase I of the landfill, there is no evidence tending to show that Hocking was aware of when or how Appellants participated in the preparation of the facility. Consequently, Appellants cannot satisfy the second prong of the Hummel test. Since all requirements under the aforementioned test have not been met, we find it unnecessary to discuss the remaining elements.
Appellants' second assignment of error is overruled.
Assignment of Error III
 The trial court misapplied the law when it found that Appellants were required to prove the "percentage" of the benefit to the Hocking Defendants on their claim for unjust enrichment.
Due to our conclusion that Appellants were not entitled to recover under the theory of unjust enrichment because they could not demonstrate that Hocking was aware of the benefits supplied by Sylvester and Adrian, we find that this assignment of error has been rendered moot.
Having found no error prejudicial to the Appellants herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 BRYANT, P.J., and SHAW, J., concur.